**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| ALFREDO CRESPO, SR., as Special Administrator <br> of the Estate of ALFREDO CRESPO, JR., deceased <br> and ELVIS SILVA | ) <br> ) <br> ) <br> ) |
| Plaintiff, | ) <br> ) |
| | )    Case No. |
| v. | ) <br> ) |
| CIRCLE FAMILY HEALTHCARE NETWORK, INC., <br> and JOSIP PASIC, M.D. | ) <br> ) <br> ) |
| Defendants. | ) |

## DEFENDANT'S NOTICE OF REMOVAL

NOW COMES the Defendant, CIRCLE FAMILY HEALTHCARE NETWORK, INC. ("Circle Family"), by and through their attorneys, BARKER & CASTRO, LLC, and hereby files this Notice of Removal to remove this action from the Circuit Court of Cook County, Illinois, Law Division to the United States District Court for the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §§ 1331, 1346, 1441, and 1446. As grounds for removal, Circle Family states as follows:

### STATEMENT OF THE CASE

1. On or about February 14, 2013, Plaintiffs Alfredo Crespo, Sr., as special administrator of the Estate of Alfredo Crespo, Jr., deceased, and Elvis Silva filed their Complaint at Law in Cook County Circuit Court, County Department, Law Division. See Plaintiffs' Original Complaint at Law, attached hereto as Exhibit A. Plaintiffs eventually voluntarily dismissed the case and refiled their Complaint on or about April 22, 2016. See Plaintiffs' Refiled Complaint at Law, attached hereto as Exhibit B.

1

2. On or about March 20, 2017, Plaintiffs filed their First Amended Complaint at Law. See Plaintiff's First Amended Complaint at Law, attached hereto as Exhibit C. On June 13, 2017, Judge John Ehrlich entered an Order dismissing all allegations of vicarious liability against Circle Family for the conduct of Defendant Dr. Josip Pasic. See June 13, 2017, Order, attached hereto as Exhibit D.

3. Title 28 U.S.C. § 1446 states, *inter alia*, that "defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal ... containing a short and plain statement of the grounds for removal" and that "[t]he notice of removal of a civil action shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."

4. This Notice of Removal is not filed within thirty days of receipt of the complaint and summons. However, this district court has exclusive jurisdiction over this matter pursuant to the Federal Torts Claim Act ("FTCA"). 28 U.S.C. § 1346(b)(1).

**THIS COURT HAS ORIGINAL JURISDICTION UNDER 28 U.S.C. §§ 1331 AND 1346**

5. Under Title 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

6. The FTCA, enacted by Congress, provides a limited waiver of the United States' immunity from suit, allowing claims for damages "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private citizen, would be liable to the claimant in accordance with

2

the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b).

7.      The district courts have original jurisdiction for claims brought under the FTCA. 28 U.S.C. § 1346(b)(1).

8.      First, this matter arises under the laws of the United States as Plaintiffs' claims are against a federally supported healthcare facility under the FTCA. The Federally Supported Health Centers Assistance Act ("FSHCAA") provides that the exclusive remedy for damages resulting from the performance of medical functions by employees of the U.S. Public Health Service acting within the scope of their employment is a claim against the United States under the FTCA. 42 U.S.C. § 233(g). Upon certification that the defendant employee(s) was acting within the scope of his employment at the time of the incident giving rise to the lawsuit, the case must be removed and the proceeding deemed a tort action brought against the United States under the FTCA. 42 U.S.C. § 233(c).

9.      As this Court is aware, under the FSHCAA, employees and certain contractors of grantees, whose applications for this status have been approved by the Department of Health and Human Services, are deemed to be federal employees and have immunity from medical malpractice suits under the FTCA. 42 U.S.C. § 233(a)(g).

10.     In this case, Plaintiffs allege that Circle Family's employees committed medical malpractice and other negligent acts. The vicarious liability allegations for the sexual actions of Defendant Dr. Josip Pasic were stricken from Plaintiffs' First Amended Complaint and are not imputed on Circle Family. Plaintiffs' First Amended Complaint at Law does not plead any intentional torts against Circle Family.

11.     Moreover, Circle Family previously submitted an application for deeming in conformity with 42 U.S.C. § 233(g)(1)(D) and, at all relevant times, Circle Family was deemed

3

an employee of the Public Health Service under the FSHCAA.

12.     In this case, Circle Family is federally supported healthcare facility under the FSHCAA and, therefore, the exclusive remedy for Plaintiffs is under the FTCA. The federal district courts have exclusive and original jurisdiction over all claims brought under the FTCA.

## THIS COURT IS THE PROPER VENUE

13.     Under Title 28 U.S.C. § 1441(a), a civil action "may be removed ... to the district court of the United States for the district and division embracing the place where such action is pending." The United States District Court for the Northern District of Illinois, Eastern Division, is the "district and division embracing" Cook County. 28 U.S.C. § 93(a)(1). Therefore, venue properly lies in this Court.

## CONCLUSION

14.     By this Notice of Removal, Circle Family does not waive any objections that it may have as to service, jurisdiction or venue, or any other defenses or objections it may have to this action. Circle Family intends to admission of fact, law, or liability by this Notice, and expressly reserves all defenses, motions, and/or pleas.

Respectfully Submitted,

/s/ Chad M. Castro
Attorney for Defendant
Circle Family Healthcare Network, Int.

Chad M. Castro
Jennifer M. Suttle
**BARKER & CASTRO, LLC**
115 South LaSalle Street, Suite 2900
Chicago, Illinois 60603
(312) 855-9300
Firm I.D. 43126

4

## CERTIFICATE OF SERVICE

I, David Kalimuthu, an attorney, hereby certifies that on August 22, 2017, he caused a true and correct copy of the foregoing *Defendant's Notice of Removal* to be served via U.S. Mail and facsimile to counsel at the addresses below:

Harman & Fedick, Ltd.
221 N. LaSalle St., Ste. 2150
Chicago, IL 60601

Balac Law Group
70 W. Madison, Ste. 5750
Chicago, IL 60602

_/s/ David Kalimuthu
David Kalimuthu

5