IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS FILED - 16
COUNTY DEPARTMENT, LAW DIVISION

2013 FEB 14  AM 11:56

CIRCUIT COURT OF COOK
COUNTY, ILLINOIS
LAW DIVISION

DOROTHY ...

**ALFREDO CRESPO, SR., as Special
Administrator of the Estate of ALFREDO
CRESPO, JR., deceased, and ELVIS SILVA**

     **Plaintiff,**

    **vs.**

**CIRCLE FAMILY HEALTHCARE
NETWORK, INC. AND JOSIP PASIC,
M.D.**

     **Defendants.**

**Case No.**

2013L001619
CALENDAR/ROOM B
TIME 00:00
Medical Malpractice

## COMPLAINT AT LAW
## GENERAL FACTUAL ALLEGATIONS

1.    At all times relevant to this Complaint, the defendant, JOSIP PASIC, M.D., was a

physician licensed by the State of Illinois to practice psychiatric medicine.

2.    That at all times relevant to this complaint, the defendant, CIRCLE FAMILY

HEALTHCARE NETWORK, INC., was a corporation licensed to do business in Illinois as a

medical health care facility specializing in mental healthcare.

3.    That at all times relevant to this complaint, CIRCLE FAMILY HEALTHCARE

NETWORK, INC., operated, maintained and controlled a number of medical health care

facilities in the Chicago-land area including Hamlin Health Center which is located at 1633 N.

Hamlin Avenue, Chicago, Illinois.

4.    That at all times relevant to this complaint, the defendant, JOSIP PASIC, M.D., had

privileges to practice psychiatric medicine at Hamlin Health Center.

1


EXHIBIT
A

5.    That for approximately five years prior to February 18, 2012, the defendant, JOSIP

PASIC, M.D., provided psychiatric treatment to ALFREDO CRESPO, JR., deceased, at Hamlin

Health Center, including prescribing him various anti-psychotic medications.

6.    .    That ALFREDO CRESPO, JR., deceased, became a patient of the defendant, JOSIP

PASIC, M.D., when he was assigned to him by the defendant, CIRCLE FAMILY

HEALTHCARE NETWORK, INC.

7.    That ALFREDO CRESPO, JR., deceased, was also seen at the Hamlin Health Center by

a therapist provided to him by the defendant, CIRCLE FAMILY HEALTHCARE NETWORK,

INC.

8.    That on or about October of 2011, ALFREDO CRESPO, JR., deceased, presented to

Hamlin Health Center for his monthly appointment with the defendant, JOSIP PASIC, M.D.

9.    That this date is not specifically known because the defendant, CIRCLE FAMILY

HEALTHCARE NETWORK, INC., has not provided a copy of ALFREDO CRESPO, JR.'s,

medical records to plaintiff's counsel.

10.    That on or about October of 2011, during the course of the aforementioned appointment,

the defendant, JOSIP PASIC, M.D., made sexual advances toward ALFREDO CRESPO, JR.,

deceased, including: asking ALFREDO CRESPO, JR., deceased, if he, the defendant, JOSIP

PASIC, M.D., could perform oral sex on him in exchange for money; touching him in the groin

area; and trying to undo his pants.

11.    That these sexual advances made towards ALFREDO CRESPO, JR. were nonconsensual.

12.    That ALFREDO CRESPO, JR., deceased, refused the aforementioned unwanted sexual

advances made by the defendant, JOSIP PASIC, M.D., and left the facility.

2

13. That after the above-discussed event, ALFREDO CRESPO, JR., deceased, refused to return to, JOSIP PASIC, M.D., for purposes of continuing his psychiatric treatment.

14. That following the above-described event, ALFREDO CRESPO, JR., deceased, refused to see any health care professional affiliated with the defendant, CIRCLE FAMILY HEALTHCARE, NETWORK, INC., including his therapist.

15. That following the above-related incident, ALFREDO CRESPO, JR., deceased, refused to see any mental health professional due to the amount of distress, depression and anxiety that he experienced as a result of this incident.

16. That approximately one month after the occurrence, ALFREDO CRESPO, JR., deceased, related this incident to his father, ALFREDO CRESPO, SR.

17. That following this incident, ALFREDO CRESPO, JR., deceased, finished the anti-psychotic medications prescribed to him by the defendant, JOSIP PASIC, M.D., and then began to self-medicate with street drugs and alcohol in order to control his anxiety and depression.

18. That on February 18, 2012, ALFREDO CRESPO, JR., deceased, over-dosed on alcohol and drugs causing his death.

19. That in March 2012, ALFREDO CRESPO, SR., reported his son's death and the incident involving Dr. Pasic to the agents and employees of the defendant, CIRCLE FAMILY HEALTHCARE NETWORK, INC.

20. That after ALFREDO CRESPO, SR. reported the incident, no action was taken.

21. That shortly after the filing of this lawsuit, ALFREDO CRESPO, SR., was appointed as Special Administrator of the Estate of ALFREDO CRESPO, JR., by virtue of an Order entered in the Circuit Court of Cook County Law Division pursuant to the applicable Illinois Revised Statutes.

3

22.     That ALFREDO CRESPO, JR., left behind a minor daughter, ALISHANI CRESPO, his sole heir.

23.     That for approximately one year prior to March 26, 2012, the plaintiff, ELVIS SILVA, received psychiatric care and treatment at Hamlin Health Center including treatment with anti-psychotic medications by the defendant, JOSIP PASIC, M.D.

24.     That the plaintiff, ELVIS SILVA, was assigned to receive treatment from the defendant, JOSIP PASIC, M.D., as his psychiatrist by the defendant, CIRCLE FAMILY HEALTHCARE NETWORK, INC.

25.     That this care and treatment included a monthly meeting between the plaintiff, ELVIS SILVA, and the defendant, JOSIP PASIC, M.D., to maintain and continue said anti-psychotic medications.

26.     That on or about March 26, 2012, the plaintiff, ELVIS SILVA, presented to Hamlin Health Center for said monthly appointment with the defendant, JOSIP PASIC, M.D.

27.     That on or about March 26, 2012, during the course of the aforementioned appointment, the defendant, JOSIP PASIC, M.D., made sexual advances toward, the plaintiff, ELVIS SILVA, including: asking the plaintiff, ELVIS SILVA, if he the defendant, JOSIP PASIC, M.D., could perform oral sex on him in exchange for money (eighty dollars in cash), touching him in the groin area; and trying to undo his pants while telling him that he just "wanted to make him feel better."

28.     That these sexual advances towards the plaintiff, ELVIS SILVA, were nonconsensual.

29.     That on or about March 26, 2012, the plaintiff, ELVIS SILVA, refused the aforementioned unwanted sexual advances made by the defendant, JOSIP PASIC, M.D., and left the facility.

4

30.     That the defendant, JOSIP PASIC, M.D., forced the plaintiff, ELVIS SILVA, to take the eighty dollars in cash before the plaintiff left the facility.

31.     That on that same date, the plaintiff, ELVIS SILVA, called the facility to inform the agents and employees of the defendant, CIRCLE FAMILY HEALTHCARE NETWORK, INC., of the conduct of its agent, the defendant, JOSIP PASIC, M.D.

32.     That the plaintiff, ELVIS SILVA, was instructed by the agents and employees of the defendant, CIRCLE FAMILY HEALTHCARE NETWORK, INC., including the Director of Human Resources, Philip Foust ("Foust"), to return to the Hamlin Health Center for an "investigation."

33.     That on that date, the plaintiff, ELVIS SILVA, did return to Hamlin Health Center to participate in the investigation.

34.     That on this date, the plaintiff, ELVIS SILVA, met with Foust and other agents of the defendant, CIRCLE FAMILY HEALTHCARE NETWORK, INC., for purposes of participating in the investigation and gave Foust the money (eighty dollars in cash) that the defendant, JOSIP PASIC, M.D., forced him to take.

35.     That on this date, the plaintiff, ELVIS SILVA, wanted to file a police report but was instructed not to do so by the agents and representatives of the defendant, CIRCLE FAMILY HEALTHCARE NETWORK, INC.

36.     That on this date the plaintiff, ELVIS SILVA, was questioned at length by the agents and employees of the defendant, CIRCLE FAMILY HEALTHCARE NETWORK, INC.

37.     That on a date shortly thereafter, the defendant, CIRCLE FAMILY HEALTHCARE NETWORK, INC., by and through its agents, employees and servants, asked the plaintiff, ELVIS SILVA, to return to the facility again for a continued "investigation."

38.     That in response to this request, the plaintiff, ELVIS SILVA, did return to the Hamlin Health Center for purposes of participating in said investigation and was, once again, questioned at length by the defendant's agents and employees.

39.     That sometime shortly after this second meeting, the plaintiff, ELVIS SILVA, went to the police station to file a police report against the defendant, JOSIP PASIC, M.D., and was told by the police that he had to physically return to Hamlin Health Center to file a report.

40.     That he did so and a police report related to this incident was filed in Cook County.

41.     That sometime shortly thereafter, two individuals came to the home of the plaintiff, ELVIS SILVA, identified themselves as representatives of the defendant, JOSIP PASIC, M.D., and/or the defendant, CIRCLE FAMILY HEALTHCARE NETWORK, INC., and asked the plaintiff, ELVIS SILVA, to sign a document attesting that the allegations of sexual advances he made against the defendant, JOSIP PASIC, M.D., were false, in exchange for $10,000.00.

42.     That the plaintiff, ELVIS SILVA, refused to sign said document.

43.     That continuing thereafter for a period of several weeks these individuals made repeated phone calls and visits to the plaintiff's home causing him anxiety and fear.

44.     That as a result of the incident on or about March 26, 2012, and the subsequent actions of the defendants, the plaintiff, ELVIS SILVA, became increasingly more depressed, anxious, and disturbed.

45.     That at no time following this incident did the defendants take any action to assist the plaintiff, ELVIS SILVA, in obtaining a new medical health care provider for purposes of his psychiatric treatment either therapeutic or medicinal.

6

46.     That at no time following this incident did the defendant, CIRCLE FAMILY HEALTHCARE NETWORK, INC., terminate or restrict the clinical privileges of the defendant, JOSIP PASIC, M.D.

47.     That sometime in June of 2012, the plaintiff, ELVIS SILVA, presented to Sunnyside Medical Center located at 3228 West North Avenue in Chicago, Illinois in an attempt to have his anti-psychotic medications re-filled.

48.     That the defendant, CIRCLE FAMILY HEALTHCARE NETWORK, INC., operates, maintains and controls this facility as well.

49.     That the plaintiff, ELVIS SILVA, was informed that the defendant, JOSIP PASIC, M.D., was working as a psychiatrist at this facility on that date and time and that he was primarily working with adolescents.

50.     That the plaintiff, ELVIS SILVA, left that facility without receiving any medical care or treatment after being advised that the defendant, JOSIP PASIC, M.D., was performing work as a medical doctor at this facility.

### COUNT I
### ELVIS SILVA v. CIRCLE FAMILY HEALTHCARE NETWORK, INC.
### MEDICAL NEGLIGENCE

NOW COMES the plaintiff, ELVIS SILVA, by and through his attorneys, HARMAN, FEDICK & MARKLEY, LTD., and alleges the following against the defendant, CIRCLE FAMILY HEALTHCARE NETWORK, INC.:

1-50.  Plaintiff readopts and realleges paragraphs 1-50 of the General Allegations of his Complaint at Law as if set forth herein.

7

51.     That at all times relevant to this complaint, the defendant, CIRCLE FAMILY HEALTHCARE NETWORK, INC., owed a duty to provide its patients with medical care that was equal to or exceeding the applicable standard of care.

52.     That notwithstanding said duty, the defendant, CIRCLE FAMILY HEALTHCARE NETWORK, INC., was guilty of one of the following acts or omissions:

a)  Failed to properly supervise, the defendant, JOSIP PASIC, M.D., in the course of his psychiatric medical practice at its facility;

b)  Hired a physician that it knew or should have known was not fit to practice psychiatric medicine;

c)  Failed to provide a referral or alternative psychiatric care to the plaintiff after the incident at issue;

d)  Advised the plaintiff, ELVIS SILVA, to wait or refrain from reporting the incident complained of herein to the police;

e)  Failed to conduct an adequate investigation into the incident herein complained of;

f)  Failed to provide any type of therapeutic support to the plaintiff, ELVIS SILVA, following this event;

g)  Failed to report the defendant, JOSIP PASIC, M.D., to the proper authorities;

h)  Failed to take appropriate action to ensure that the defendant, JOSIP PASIC, M.D., would not continue to practice psychiatric medicine at other facilities until an investigation was completed when it knew or should have known that he was accused of sexual misconduct;

i)  Requested that the plaintiff sign a document indicating that he fabricated the allegations against the defendant, JOSIP PASIC, M.D., in exchange for monetary consideration;

j)  Allowed two individuals to return to the plaintiff's home on a number of occasions and make phone calls harassing him; and

k)  Was otherwise careless and negligent.

53.     That as a proximate result of the conduct of the defendant, CIRCLE FAMILY HEALTHCARE NETWORK, INC., the plaintiff, ELVIS SILVA, was caused to suffer unwanted

sexual advances from the defendant, JOSIP PASIC, M.D., and further repeated trauma including being requested to not fill out a police report and being approached repeatedly, all of which culminated in a traumatic response that manifested physically in intense depression, panic attacks, and nightmares and was otherwise injured internally, externally, both temporarily and permanently; from thence hitherto, during all of which time he suffered or will suffer great pain; and plaintiff was or will be thereby compelled to pay out, expend and become liable for divers large sums of money in and about endeavoring to be cured of his injuries, as aforesaid.

WHEREFORE, the plaintiff, ELVIS SILVA, prays for judgment against the defendant, CIRCLE FAMILY HEALTHCARE NETWORK, INC., in an amount within the jurisdiction of the law division of the Circuit Court of Cook County, Illinois.

**COUNT II**
**ELVIS SILVA v. JOSIP PASIC, M.D.**
**MEDICAL NEGLIGENCE**

NOW COMES the plaintiff, ELVIS SILVA, by and through his attorneys, HARMAN, FEDICK & MARKLEY, LTD., and alleges the following against the defendant, JOSIP PASIC, M.D.:

1-50. Plaintiff readopts and realleges paragraphs 1-50 of the General Allegations of his Complaint at Law as if set forth herein.

51. That at all times relevant to this complaint, the defendant, JOSIP PASIC, M.D., owed a duty to provide reasonable and adequate medical care and treatment to his patients, including the plaintiff, ELVIS SILVA, and to treat the plaintiff in a manner equal to or exceeding the applicable standard of care.

52. That notwithstanding said duty, the defendant, JOSIP PASIC, M.D., was guilty of one or more of the following acts or omissions:

    a)    Negligently made sexual advances towards the plaintiff;

9

b)    Negligently touched the plaintiff in a sexual manner;

c)    Negligently offered the plaintiff money in relation to the incident;

d)  .  Caused people to come to the plaintiff's home to bribe him into denying the allegations; and

e)    Was otherwise careless and negligent.

53.    That as a proximate result of the conduct of the defendant, JOSIP PASIC, M.D., the plaintiff, ELVIS SILVA, was caused to suffer an unconsented to touching which resulted in a traumatic response that manifested physically in depression, panic attacks, and nightmares and was otherwise injured internally, externally, both temporarily and permanently; from thence hitherto, during all of which time he suffered or will suffer great pain; and plaintiff was or will be thereby compelled to pay out, expend and become liable for divers large sums of money in and about endeavoring to be cured of his injuries, as aforesaid.

WHEREFORE, the plaintiff, ELVIS SILVA, prays for judgment against the defendant, JOSIP PASIC, M.D., in an amount within the jurisdiction of the law division of the Circuit Court of Cook County, Illinois.

**COUNT III**
**ELVIS SILVA v. CIRCLE FAMILY HEALTHCARE NETWORK, INC., as the principal**
**via respondeat superior of JOSIP PASIC, M.D.**
**MEDICAL NEGLIGENCE**

NOW COMES the plaintiff, ELVIS SILVA, by and through his attorneys, HARMAN, FEDICK & MARKLEY, LTD., and alleges the following against the defendant, CIRCLE FAMILY HEALTHCARE NETWORK, INC., as the principal via respondeat superior of JOSIP PASIC, M.D.:

1.-50.    Plaintiff readopts and realleges paragraphs 1-50 of the General Allegations of his Complaint at Law as if set forth herein.

10

51.    That at all times relevant to this Complaint, the defendant, CIRCLE FAMILY HEALTHCARE NETWORK, INC., was the employer and the principal of the defendant, JOSIP PASIC, M.D.

52.    That accordingly, the defendant, JOSIP PASIC, M.D., was the agent of the defendant, CIRCLE FAMILY HEALTHCARE NETWORK, INC., at all times relevant to this complaint and therefore, any action or omission on behalf of defendant, JOSIP PASIC, M.D., was an act or omission of his principal, the defendant, CIRCLE FAMILY HEALTHCARE NETWORK, INC.

53.    That at all times relevant to this complaint, the defendant, CIRCLE FAMILY HEALTHCARE NETWORK, INC., owed a duty of reasonable care to its patients, including the plaintiff, ELVIS SILVA, to provide adequate medical care and treatment for its patients and to treat the plaintiff, ELVIS SILVA, in a manner equal to or exceeding the applicable standard of care.

54.    That notwithstanding said duty, this defendant, CIRCLE FAMILY HEALTHCARE NETWORK, INC., by the conduct of its agent, the defendant, JOSIP PASIC, M.D., was guilty of one of the following acts or omissions:

    a)  Negligently made sexual advances towards the plaintiff;

    b)  Negligently touched the plaintiff in a sexual manner;

    c)  Negligently offered the plaintiff money related to this incident;

    d)  Allowed two individuals to return to the plaintiff's home on a number of occasions and make phone calls harassing him; and

    e)  Was otherwise careless and negligent.

55.    That as a proximate result of the conduct of the defendant, CIRCLE FAMILY HEALTHCARE NETWORK, INC., as the principal of the defendant, JOSIP PASIC, M.D., the plaintiff, ELVIS SILVA, was caused to suffer an unconsented to touching which resulted in a

11

traumatic response that manifested physically in depression, panic attacks, and nightmares and was otherwise injured internally, externally, both temporarily and permanently; from thence hitherto, during all of which time he suffered or will suffer great pain; and plaintiff was or will be thereby compelled to pay out, expend and become liable for divers large sums of money in and about endeavoring to be cured of his injuries, as aforesaid.

WHEREFORE, the plaintiff, ELVIS SILVA, by and through his attorney, prays for judgment against the defendant, CIRCLE FAMILY HEALTHCARE NETWORK, INC., as the principal of JOSIP PASIC, M.D., in an amount within the jurisdiction of the law division of the Circuit Court of Cook County, Illinois.

**COUNT IV**
**ELVIS SILVA v. CIRCLE FAMILY HEALTHCARE NETWORK, INC., as the principal via apparent agency of JOSIP PASIC, M.D.**
**MEDICAL NEGLIGENCE**

NOW COMES the plaintiff, ELVIS SILVA, by and through his attorneys, HARMAN, FEDICK & MARKLEY, LTD., and alleges the following against the defendant, CIRCLE FAMILY HEALTHCARE NETWORK, INC., as the principal via apparent agency of JOSIP PASIC, M.D.:

1-50. Plaintiff readopts and realleges paragraphs 1-50 of the General Allegations of his Complaint at Law as if set forth herein.

51. That at all times relevant to this Complaint, the defendant, CIRCLE FAMILY HEALTHCARE NETWORK, INC., represented to its patients, including the plaintiff, ELVIS SILVA, that it was a provider of complete mental health care both therapeutic and psychiatric.

52. That the plaintiff, ELVIS SILVA, neither knew nor should have known that the defendant, JOSIP PASIC, M.D., was not an employee of the defendant, CIRCLE FAMILY HEALTHCARE NETWORK, INC.

12

53.     That plaintiff, ELVIS SILVA, did not choose the defendant, JOSIP PASIC, M.D., to be his psychiatric physician but instead reasonably relied upon the defendant, CIRCLE FAMILY HEALTHCARE NETWORK, INC., to provide complete and proper psychiatric medical care to him.

54.     That at all times relevant to this complaint, the defendant, CIRCLE FAMILY HEALTHCARE NETWORK, INC., owed a duty of reasonable care to its patients, including the plaintiff, ELVIS SILVA, to provide adequate medical care and treatment for its patients and to treat the plaintiff, ELVIS SILVA, in a manner equal to or exceeding the applicable standard of care.

55.     That notwithstanding said duty, this defendant, CIRCLE FAMILY HEALTHCARE NETWORK, INC., by the conduct of its apparent agent, the defendant, JOSIP PASIC, M.D., was guilty of one of the following acts or omissions:

a) Made sexual advances towards the plaintiff in deviation of the appropriate standard of care;

b) Touched the plaintiff in a sexual manner in deviation of the appropriate standard of care;

c) Negligently attempted to bribe the plaintiff to prevent reporting of the facts alleged herein;

d) Allowed and/or instructed two individuals to return to the plaintiff's home on a number of occasions and make phone calls harassing him; and

e) Was otherwise careless and negligent.

56.     That as a proximate result of the conduct of the defendant, CIRCLE FAMILY HEALTHCARE NETWORK, INC., by and through its apparent agent, JOSIP PASIC, M.D., the plaintiff, ELVIS SILVA, was caused to suffer an unconsented to touching which resulted in a traumatic response that manifested physically in depression, panic attacks, and nightmares and was otherwise injured internally, externally, both temporarily and permanently; from thence

13

hitherto, during all of which time he suffered or will suffer great pain; and plaintiff was or will be thereby compelled to pay out, expend and become liable for divers large sums of money in and about endeavoring to be cured of his injuries, as aforesaid.

WHEREFORE, the plaintiff, ELVIS SILVA, by and through his attorney, prays for judgment against the defendant, CIRCLE FAMILY HEALTHCARE NETWORK, INC., in an amount within the jurisdiction of the law division of the Circuit Court of Cook County, Illinois.

**COUNT V**
**ELVIS SILVA v. JOSIP PASIC, M.D.**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

NOW COMES the plaintiff, ELVIS SILVA, by and through his attorneys, HARMAN, FEDICK & MARKLEY, LTD., and alleges the following against the defendant, JOSIP PASIC, M.D.:

1-50.   Plaintiff readopts and realleges paragraphs 1-50 of the General Allegations of his Complaint at Law as if set forth herein.

51.     That the conduct of this defendant, JOSIP PASIC, M.D.: touching his patient, the plaintiff, ELVIS SILVA, in a sexual manner; offering him money associated with this act; and causing him to be harassed by persons wanting him to deny these allegations was truly extreme and outrageous.

52.     That, given the role of the defendant, JOSIP PASIC, M.D., as a mental health care professional and his year-long professional relationship with the plaintiff, ELVIS SILVA, his conduct was either intended to cause severe emotional distress or the defendant knew that this conduct had a high probability of causing the plaintiff severe emotional distress.

53.     That the defendant, JOSIP PASIC, M.D, recklessly or consciously disregarded the probability of causing emotional distress to the plaintiff, ELVIS SILVA.

14

54.     That the defendant, JOSIP PASIC, M.D, was aware that the plaintiff, ELVIS SILVA, was particularly susceptible to emotional distress as a result of his prior mental health issues and that the defendant, JOSIP PASIC, M.D, exploited that vulnerability.

55.     That the plaintiff, ELVIS SILVA, did in fact suffer severe emotional distress as a result of the defendant's actions.

56.     That as a proximate result of the conduct of the defendant, JOSIP PASIC, M.D., the plaintiff, ELVIS SILVA, was caused to suffer an unconsented to touching which resulted in a traumatic response that manifested physically in depression, panic attacks, and nightmares and was otherwise injured internally, externally, both temporarily and permanently; from thence hitherto, during all of which time he suffered or will suffer great pain; and plaintiff was or will be thereby compelled to pay out, expend and become liable for divers large sums of money in and about endeavoring to be cured of his injuries, as aforesaid.

        WHEREFORE, the plaintiff, ELVIS SILVA, by and through his attorney, prays for judgment against the defendant, JOSIP PASIC, M.D., in an amount within the jurisdiction of the law division of the Circuit Court of Cook County, Illinois.

## COUNT VI
### ELVIS SILVA v. CIRCLE FAMILY HEALTHCARE NETWORK, INC., individually and as the principal via apparent agency of JOSIP PASIC, M.D.
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

        NOW COMES the plaintiff, ELVIS SILVA, by and through his attorneys, HARMAN, FEDICK & MARKLEY, LTD., and alleges the following against the defendant, CIRCLE FAMILY HEALTHCARE NETWORK, INC., individually and as the principal via apparent agency of JOSIP PASIC, M.D.:

1-50.   Plaintiff readopts and realleges paragraphs 1-50 of the General Allegations of his Complaint at Law as if set forth herein.

15

51.     That at all times relevant to this Complaint, the defendant, CIRCLE FAMILY
HEALTHCARE NETWORK, INC., represented to its patients, including the plaintiff, ELVIS
SILVA, that it was a provider of complete mental health care both therapeutic and psychiatric.

52.     That the plaintiff, ELVIS SILVA, neither knew nor should have known that the
defendant, JOSIP PASIC, M.D., was not an employee of the defendant, CIRCLE FAMILY
HEALTHCARE NETWORK, INC.

53.     That the plaintiff, ELVIS SILVA, did not choose the defendant, JOSIP PASIC, M.D., to
be his psychiatric physician but instead reasonably relied upon the defendant, CIRCLE FAMILY
HEALTHCARE NETWORK, INC., to provide complete and proper psychiatric medical care to
him.

54.     That the conduct of the defendant, CIRCLE FAMILY HEALTHCARE NETWORK,
INC., by its actual and/or apparent agent, JOSIP PASIC, M.D., who touched his psychiatric
patient, the plaintiff, ELVIS SILVA, in a sexual manner, offered him money associated with this
act and causing him to be harassed by persons wanting him to deny these allegations in exchange
for money was truly extreme and outrageous.

55.     That the conduct of the defendant, CIRCLE FAMILY HEALTHCARE NETWORK,
INC., after this incident: requesting that the plaintiff return multiple times to the health care
facility where the incident occurred, discouraging him from filing a police report, failing to
prevent the defendant, JOSIP PASIC, M.D., from working at its other facilities without
conducting a complete investigation, causing harassing persons to approach the plaintiff at his
home and by telephone asking him to deny these allegations in exchange for money and failing
to assist the plaintiff in obtaining a new psychiatrist or prescription was truly extreme and
outrageous.

56.     That this conduct was either intended to cause severe emotional distress or the defendant knew that aforementioned conduct had a high probability of causing the plaintiff severe emotional distress.

57.     That the plaintiff, ELVIS SILVA, did in fact suffer severe emotional distress as a result of the defendant's actions.

58.     That as a proximate result of the conduct of the defendant, CIRCLE FAMILY HEALTHCARE NETWORK, INC., individually and by and through its actual or apparent agent, the defendant, JOSIP PASIC, M.D., the plaintiff, ELVIS SILVA, was caused to suffer an unconsented to touching which resulted in a traumatic response that manifested physically in depression, panic attacks, and nightmares and was otherwise injured internally, externally, both temporarily and permanently; from thence hitherto, during all of which time he suffered or will suffer great pain; and plaintiff was or will be thereby compelled to pay out, expend and become liable for divers large sums of money in and about endeavoring to be cured of his injuries, as aforesaid.

        WHEREFORE, the plaintiff, ELVIS SILVA, prays for judgment against the defendant, CIRCLE FAMILY HEALTHCARE NETWORK, INC., individually and as the principal of JOSIP PASIC, M.D., in an amount within the jurisdiction of the law division of the Circuit Court of Cook County, Illinois.

17

## COUNT VII
### ELVIS SILVA v. CIRCLE FAMILY HEALTHCARE NETWORK, INC., individually and as the principal via respondeat superior of JOSIP PASIC, M.D.
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

NOW COMES the plaintiff, ELVIS SILVA, by and through his attorneys, HARMAN, FEDICK & MARKLEY, LTD., and alleges the following against the defendant, CIRCLE FAMILY HEALTHCARE NETWORK, INC., individually and as the principal via respondeat superior of JOSIP PASIC, M.D.:

1-50. Plaintiff readopts and realleges paragraphs 1-50 of the General Allegations of his Complaint at Law as if set forth herein.

51. That at all times relevant to this Complaint, the defendant, CIRCLE FAMILY HEALTHCARE NETWORK, INC., was the employer and the principal of the defendant, JOSIP PASIC, M.D.

52. That accordingly, the defendant, JOSIP PASIC, M.D., was the agent of the defendant, CIRCLE FAMILY HEALTHCARE NETWORK, INC., at all times relevant to this complaint and therefore, any action or omission on behalf of defendant, JOSIP PASIC, M.D., was an act or omission of his principal, the defendant, CIRCLE FAMILY HEALTHCARE NETWORK, INC.

53. That the conduct of the defendant, CIRCLE FAMILY HEALTHCARE NETWORK, INC., by its agent, JOSIP PASIC, M.D., who touched his psychiatric patient, the plaintiff, ELVIS SILVA, in a sexual manner, offered him money associated with this act and causing him to be harassed by persons wanting him to deny these allegations in exchange for money was truly extreme and outrageous.

54. That the conduct of the defendant, CIRCLE FAMILY HEALTHCARE NETWORK, INC., after this incident: requesting that the plaintiff return multiple times to the health care facility where the incident occurred, discouraging him from filing a police report, failing to

18

prevent the defendant, JOSIP PASIC, M.D., from working at its other facilities without conducting a complete investigation, causing harassing persons to approach the plaintiff at his home and by telephone asking him to deny these allegations in exchange for money and failing to assist the plaintiff in obtaining a new psychiatrist or prescription was truly extreme and outrageous.

55. That this conduct was either intended to cause severe emotional distress or the defendant knew that aforementioned conduct had a high probability of causing the plaintiff severe emotional distress.

56. That the plaintiff, ELVIS SILVA, did in fact suffer severe emotional distress as a result of the defendant's actions.

57. That as a proximate result of the conduct of the defendant, CIRCLE FAMILY HEALTHCARE NETWORK, INC., individually and by and through its agent, the defendant, JOSIP PASIC, M.D., the plaintiff, ELVIS SILVA, was caused to suffer an unconsented to touching which resulted in a traumatic response that manifested physically in depression, panic attacks, and nightmares and was otherwise injured internally, externally, both temporarily and permanently; from thence hitherto, during all of which time he suffered or will suffer great pain; and plaintiff was or will be thereby compelled to pay out, expend and become liable for divers large sums of money in and about endeavoring to be cured of his injuries, as aforesaid.

WHEREFORE, the plaintiff, ELVIS SILVA, prays for judgment against the defendant, CIRCLE FAMILY HEALTHCARE NETWORK, INC., individually and as the principal of JOSIP PASIC, M.D., in an amount within the jurisdiction of the law division of the Circuit Court of Cook County, Illinois.

**COUNT VIII**
**ELVIS SILVA v. JOSIP PASIC, M.D.**
**NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

NOW COMES the plaintiff, ELVIS SILVA, by and through his attorneys, HARMAN,

FEDICK & MARKLEY, LTD., and alleges the following against the defendant, JOSIP PASIC,

M.D.:

1-50. Plaintiff readopts and realleges paragraphs 1-50 of the General Allegations of his

Complaint at Law as if set forth herein.

51. That at all times relevant to this cause of action, the defendant, JOSIP PASIC, M.D.,

owed a duty to provide reasonable and adequate medical care to its patients, including the

plaintiff, ELVIS SILVA, including to refrain from extreme and outrageous behavior.

52. That notwithstanding said duty, the defendant, JOSIP PASIC, M.D., was guilty of one or

more of the following acts or omissions:

    a) Negligently made sexual advances towards the plaintiff;

    b) Negligently touched the plaintiff in a sexual manner;

    c) Negligently offered the plaintiff money in relation to the incident;

    d) Caused people to come to the plaintiff's home to attempt to bribe him into denying the
       allegations; and

    e) Was otherwise careless and negligent.

53. That this conduct was truly extreme and outrageous.

54. That as a proximate result of the conduct of the defendant, JOSIP PASIC, M.D., the

plaintiff, ELVIS SILVA, was caused to suffer an unconsented to touching which resulted in a

traumatic response that manifested physically in depression, panic attacks, and nightmares and

was otherwise injured internally, externally, both temporarily and permanently; from thence

hitherto, during all of which time he suffered or will suffer great pain; and plaintiff was or will

be thereby compelled to pay out, expend and become liable for divers large sums of money in and about endeavoring to be cured of his injuries, as aforesaid.

WHEREFORE, the plaintiff, ELVIS SILVA, prays for judgment against the defendant, JOSIP PASIC, M.D., in an amount within the jurisdiction of the law division of the Circuit Court of Cook County, Illinois

## COUNT VIX
### ELVIS SILVA v. CIRCLE FAMILY HEALTHCARE NETWORK, INC., individually and as the principal via apparent agency of JOSIP PASIC, M.D.
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

NOW COMES the plaintiff, ELVIS SILVA, by and through his attorneys, HARMAN, FEDICK & MARKLEY, LTD., and alleges the following against the defendant, CIRCLE FAMILY HEALTHCARE NETWORK, INC., individually and as the principal via apparent agency of JOSIP PASIC, M.D.:

1-50.   Plaintiff readopts and realleges paragraphs 1-50 of the General Allegations of his Complaint at Law as if set forth herein.

51.   That at all times relevant to this Complaint, the defendant, CIRCLE FAMILY HEALTHCARE NETWORK, INC., represented to its patients, including the plaintiff, ELVIS SILVA, that it was a provider of complete mental health care both therapeutic and psychiatric.

52.   That the plaintiff, ELVIS SILVA, neither knew nor should have known that the defendant, JOSIP PASIC, M.D., was not an employee of the defendant, CIRCLE FAMILY HEALTHCARE NETWORK, INC.

53.   That the plaintiff, ELVIS SILVA, did not choose the defendant, JOSIP PASIC, M.D., to be his psychiatric physician but instead reasonably relied upon the defendant, CIRCLE FAMILY HEALTHCARE NETWORK, INC., to provide complete and proper psychiatric medical care to him.

21

54.    That at all times relevant to this cause of action, the defendant, CIRCLE FAMILY

HEALTHCARE NETWORK, INC., individually, and as the principal of the defendant, JOSIP

PASIC, M.D., owed a duty to provide reasonable and adequate medical care to its patients,

including the plaintiff, ELVIS SILVA, including to refrain from extreme and outrageous

behavior.

55.    That notwithstanding said duty, this defendant, CIRCLE FAMILY HEALTHCARE

NETWORK, INC., individually and by the conduct of its actual or apparent agent, the defendant,

JOSIP PASIC, M.D., was guilty of one or more of the following acts or omissions:

a) Failed to properly supervise, the defendant, JOSIP PASIC, M.D., in the course of his psychiatric medical practice at its facility;

b) Hired a psychiatric physician that it knew or should have known was not fit to practice psychiatric medicine;

c) Failed to provide a referral or alternative psychiatric care to the plaintiff after the incident at issue;

d) Advised the plaintiff, ELVIS SILVA, to wait or refrain from reporting the incident complained of herein to the police;

e) Failed to conduct an adequate investigation into the incident herein complained of;

f) Failed to provide any type of therapeutic support to the plaintiff, ELVIS SILVA, following this event;

g) Failed to report the defendant, JOSIP PASIC, M.D., to the proper authorities;

h) Failed to take appropriate action to ensure that the defendant, JOSIP PASIC, M.D., would not continue to practice psychiatric medicine at other facilities until an investigation was completed;

i) Requested that the plaintiff sign a document indicating that he fabricated the allegations against the defendant, JOSIP PASIC, M.D., in exchange for monetary consideration;

j) Allowed two individuals to return to the plaintiff's home on a number of occasions and make phone calls harassing him;

k) Was otherwise careless and negligent;

22

l) Made sexual advances towards the plaintiff in deviation of the appropriate standard of care;

m) Touched the plaintiff in a sexual manner in deviation of the appropriate standard of care;

n) Negligently offered the plaintiff money related to this incident;

o) Allowed two individuals to return to the plaintiff's home on a number of occasions and make phone calls harassing him; and

p) Was otherwise careless and negligent.

56.    That this conduct was truly extreme and outrageous.

57.    That as a proximate result of the conduct of the defendant, CIRCLE FAMILY HEALTHCARE NETWORK, INC., individually and by and through its actual or apparent agent, the defendant, JOSIP PASIC, M.D., the plaintiff, ELVIS SILVA, was caused to suffer an unconsented to touching which resulted in a traumatic response that manifested physically in depression, panic attacks, and nightmares and was otherwise injured internally, externally, both temporarily and permanently; from thence hitherto, during all of which time he suffered or will suffer great pain; and plaintiff was or will be thereby compelled to pay out, expend and become liable for divers large sums of money in and about endeavoring to be cured of his injuries, as aforesaid.

WHEREFORE, the plaintiff, ELVIS SILVA, prays for judgment against the defendant, CIRCLE FAMILY HEALTHCARE NETWORK, INC., individually and by and through its agent, the defendant, JOSIP PASIC, M.D., in an amount within the jurisdiction of the law division of the Circuit Court of Cook County, Illinois.

## COUNT X
**ALFREDO CRESPO, SR., as Special Administrator of the Estate of ALFREDO CRESPO, JR., deceased v. CIRCLE FAMILY HEALTHCARE NETWORK, INC.**
**MEDICAL NEGLIGENCE/WRONGFUL DEATH**

NOW COMES the plaintiff, ALFREDO CRESPO, SR., as Special Administrator of the Estate of ALFREDO CRESPO, JR., deceased, by and through his attorneys, HARMAN, FEDICK & MARKLEY, LTD., and alleges the following against the defendant, CIRCLE FAMILY HEALTHCARE NETWORK, INC.:

1-50. Plaintiff readopts and realleges paragraphs 1-50 of the General Allegations of his Complaint at Law as if set forth herein.

51. That the plaintiff's decedent, ALFREDO CRESPO, JR., left surviving him at the time of his death as an heir of law and next of kin, ALISHANI CRESPO, a minor, who, by reason of his death did sustain pecuniary losses of monies, goods and services and loss of society.

52. That, in addition, as a direct and proximate cause of the foregoing negligent acts or omissions of the defendants, ALFREDO CRESPO, SR., both individually and as the Special Administrator of the ESTATE OF ALFREDO CRESPO, JR., deceased, incurred expenses related to the medical care and burial of the plaintiff's decedent.

53. That at all times relevant to this complaint, the defendant, CIRCLE FAMILY HEALTHCARE NETWORK, INC., owed a duty to its patients, including ALFREDO CRESPO, JR., deceased, to provide medical care that was equal to or exceeding the applicable standard of care.

54. That notwithstanding said duty, this defendant, CIRCLE FAMILY HEALTHCARE NETWORK, INC., was guilty of one of the following acts or omissions:

   a) Failed to properly supervise its physician, JOSIP PASIC, M.D., in the course of his psychiatric medical practice at its facility;

24

b) Negligently hired a psychiatric physician that it knew or should have known was not fit to practice psychiatric medicine;

c) Failed to report the defendant, JOSIP PASIC, M.D., to the proper authorities following his sexually inappropriate conduct;

d) Failed to take any action to ensure that the defendant, JOSIP PASIC, M.D., would not continue to practice psychiatric medicine at other facilities until a complete investigation was completed when it knew or should have known that he was accused of sexual misconduct; and

e) Was otherwise careless and negligent.

55.     That as a proximate result of the conduct of the defendant, CIRCLE FAMILY HEALTHCARE NETWORK, INC., ALFREDO CRESPO, JR., deceased, became severely depressed and emotionally disturbed, refused to continue treatment with any psychiatrist, and abruptly went off his anti-psychotic medications. He then attempted to self-medicate with street drugs and alcohol resulting in an over-dose in February of 2011 and, ultimately, his death.

WHEREFORE, the plaintiffs, ALFREDO CRESPO, SR., as Special Administrator of the Estate of ALFREDO CRESPO, JR., deceased, pray for judgment against the defendant, CIRCLE FAMILY HEALTHCARE, NETWORK, INC., in an amount within the jurisdiction of the law division of the Circuit Court of Cook County, Illinois.

**COUNT XI**
**ALFREDO CRESPO, SR., as Special Administrator of the Estate of ALFREDO CRESPO, JR., deceased v. JOSIP PASIC, M.D.**
**MEDICAL NEGLIGENCE/WRONGFUL DEATH**

NOW COMES the plaintiff, ALFREDO CRESPO, SR., as Special Administrator of the Estate of ALFREDO CRESPO, JR., deceased, by and through his attorneys, HARMAN, FEDICK & MARKLEY, LTD., and alleges the following against the defendant, JOSIP PASIC, M.D.:

1-50. Plaintiff readopts and realleges paragraphs 1-50 of the General Allegations of their Complaint at Law as if set forth herein.

51.     That at all times relevant to this complaint, the defendant, JOSIP PASIC, M.D., owed a duty to provide reasonable and adequate medical care and treatment to his patients, including, ALFREDO CRESPO, JR., the deceased, and to treat him, in a manner equal to or exceeding the applicable standard of care.

52.     That notwithstanding said duty, the defendant, JOSIP PASIC, M.D., was guilty of one or more of the following acts or omissions:

   a)     Made sexual advances towards the plaintiff's decedent;

   b)     Touched the plaintiff's decedent in a sexual manner;

   c)     Offered the plaintiff's decedent money related to the unconsented to touching; and

   d)     Was otherwise careless and negligent.

53.     That as a proximate result of the conduct of the defendant, JOSIP PASIC, M.D., ALFREDO CRESPO, JR., deceased, became severely depressed and emotionally disturbed, refused to continue treatment with any psychiatrist and abruptly went off his anti-psychotic medications. He then attempted to self-medicate with street drugs and alcohol resulting in an over-dose in February of 2011 and, ultimately, his death.

       WHEREFORE, the plaintiff, ALFREDO CRESPO, SR., as Special Administrator of the Estate of ALFREDO CRESPO, JR., deceased, by and through his attorneys, HARMAN, FEDICK & MARKLEY, LTD., prays for judgment against the defendant, JOSIP PASIC, M.D., in an amount within the jurisdiction of the law division of the Circuit Court of Cook County, Illinois.

26

**COUNT XII**
**ALFREDO CRESPO, SR., as Special Administrator of the Estate of ALFREDO CRESPO, JR., deceased v. CIRCLE FAMILY HEALTHCARE NETWORK, INC., as the principal via respondeat superior of JOSIP PASIC, M.D.**
**MEDICAL NEGLIGENCE/WRONGFUL DEATH**

NOW COMES the plaintiff ALFREDO CRESPO, SR., as Special Administrator of the Estate of ALFREDO CRESPO, JR., deceased, by and through his attorneys, HARMAN, FEDICK & MARKLEY, LTD., and alleges the following against the defendant, CIRCLE FAMILY HEALTHCARE NETWORK, INC., as the principal via respondeat superior of the defendant, JOSIP PASIC, M.D.:

1-50. Plaintiff readopts and realleges paragraphs 1-50 of the General Allegations of his Complaint at Law as if set forth herein.

51.     That at all times relevant to this Complaint, the defendant, CIRCLE FAMILY HEALTHCARE NETWORK, INC., was the employer and the principal of the defendant, JOSIP PASIC, M.D., and, therefore, any action or omission on behalf of defendant, JOSIP PASIC, M.D., was an act or omission of his principal, the defendant, CIRCLE FAMILY HEALTHCARE NETWORK, INC.

52.     That at all times relevant to this complaint, the defendant, CIRCLE FAMILY HEALTHCARE NETWORK, INC., owed a duty of reasonable care to its patients, including ALFREDO CRESPO, JR., deceased, in a manner equal to or exceeding the applicable standard of care.

53.     That notwithstanding said duty, the defendant, CIRCLE FAMILY HEALTHCARE NETWORK, INC., by and though the conduct of its agent, the defendant, JOSIP PASIC, M.D., was guilty of one of the following acts or omissions:

a) Made sexual advances towards the plaintiff's decedent;

27

b) Touched the plaintiff's decedent in a sexual manner;

c) Offered the plaintiff's decedent money related to the sexual advances; and

d) Was otherwise careless and negligent.

54.     That as a proximate result of the conduct of the defendant, CIRCLE FAMILY

HEALTHCARE NETWORK, INC., ALFREDO CRESPO, JR., deceased, became severely

depressed and emotionally disturbed, refused to continue treatment with any psychiatrist,

abruptly went off his anti-psychotic medications, and attempted to self-medicate with street

drugs resulting in his over-dose on street drugs and alcohol in February of 2011 and, ultimately,

his death.

WHEREFORE, the plaintiff, ALFREDO CRESPO, SR., as Special Administrator of the

Estate of ALFREDO CRESPO, JR., deceased, by and through his attorneys, HARMAN,

FEDICK & MARKLEY, LTD., prays for judgment against the defendant, CIRCLE FAMILY

HEALTHCARE NETWORK, INC., as the principal of the defendant, JOSIP PASIC, M.D., in an

amount within the jurisdiction of the law division of the Circuit Court of Cook County, Illinois.

**COUNT XIII**
**ALFREDO CRESPO, SR., as Special Administrator of the Estate of ALFREDO CRESPO,**
**JR., deceased v. CIRCLE FAMILY HEALTHCARE NETWORK, INC., as the principal**
**via apparent agency of JOSIP PASIC, M.D.**
**MEDICAL NEGLIGENCE/ WRONGFUL DEATH**

NOW COMES the plaintiff, ALFREDO CRESPO, SR., as Special Administrator of the

Estate of ALFREDO CRESPO, JR., deceased, by and through his attorneys, HARMAN,

FEDICK & MARKLEY, LTD., and alleges the following against the defendant, CIRCLE

FAMILY HEALTHCARE NETWORK, INC., as the principal via apparent agency of the

defendant, JOSIP PASIC, M.D.:

28

1-50. Plaintiff readopts and realleges paragraphs 1-50 of the General Allegations of their Complaint at Law as if set forth herein.

51. That at all times relevant to this Complaint, the defendant, CIRCLE FAMILY HEALTHCARE NETWORK, INC., held itself out to its patients including the plaintiff, ALFREDO CRESPO, JR., as a provider of complete mental health care both therapeutic and psychiatric.

52. That the plaintiff, ALFREDO CRESPO, JR., deceased, neither knew nor should have known if the defendant, JOSIP PASIC, M.D., was not an employee of the defendant, CIRCLE FAMILY HEALTHCARE NETWORK, INC.

53. That the plaintiff, ALFREDO CRESPO, JR., did not choose the defendant, JOSIP PASIC, M.D., to be his psychiatric physician but instead reasonably relied upon the defendant, CIRCLE FAMILY HEALTHCARE NETWORK, INC., to provide complete psychiatric medical care to him.

54. That at all times relevant to this complaint, the defendant, CIRCLE FAMILY HEALTHCARE NETWORK, INC., owed a duty of reasonable care to its patients, including the plaintiff, ALFREDO CRESPO, JR., deceased, to provide adequate medical care and treatment for its patients and to treat the plaintiff's decedent, ALFREDO CRESPO, JR., in a manner equal to or exceeding the applicable standard of care.

55. That notwithstanding said duty, this defendant, CIRCLE FAMILY HEALTHCARE NETWORK, INC., by the conduct of its apparent agent, the defendant, JOSIP PASIC, M.D., was guilty of one of the following acts or omissions:

    a)  Made sexual advances towards the plaintiff's decedent;

    b)  Touched the plaintiff's decedent in a sexual;

c) Offered the plaintiff's decedent money related to the sexual advances; and

d) Was otherwise careless and negligent.

56. That as a proximate result of the conduct of the defendant, CIRCLE FAMILY HEALTHCARE NETWORK, INC., as the actual or apparent agent of the defendant, JOSIP PASIC, M.D., ALFREDO CRESPO, JR., deceased, became severely depressed and emotionally disturbed, refused to continue treatment with any psychiatrist, abruptly went off his anti-psychotic medications, and attempted to self-medicate with street drugs resulting in his over-dose on street drugs and alcohol in February of 2011 and, ultimately, his death.

WHEREFORE, the plaintiff, ALFREDO CRESPO, SR., as Special Administrator of the Estate of ALFREDO CRESPO, JR., deceased, by and through his attorneys, HARMAN, FEDICK & MARKLEY, LTD., prays for judgment against the defendant, CIRCLE FAMILY HEALTHCARE, NETWORK, INC., as the principal of the defendant, JOSIP PASIC, M.D., in an amount within the jurisdiction of the law division of the Circuit Court of Cook County, Illinois.

## COUNT XIV
**ALFREDO CRESPO, SR., as Special Administrator of the Estate of ALFREDO CRESPO, JR., deceased v. JOSIP PASIC, M.D.**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

NOW COMES the plaintiff, ALFREDO CRESPO, SR., as Special Administrator of the Estate of ALFREDO CRESPO, JR., deceased, by and through his attorneys, HARMAN, FEDICK & MARKLEY, LTD., and alleges the following against the defendant, JOSIP PASIC, M.D.:

1-50. Plaintiff readopts and realleges paragraphs 1-50 of the General Allegations of his Complaint at Law as if set forth herein.

51.    That at all times relevant to this complaint, the defendant, JOSIP PASIC, M.D., owed a duty to provide reasonable and adequate medical care and treatment to his patients and to refrain from conduct that may cause severe emotional distress.

52.    That the defendant, JOSIP PASIC, M.D., intended to cause severe emotional distress to his patient, ALFREDO CRESPO, JR.

53.    That the conduct of the defendant, JOSIP PASIC, M.D., of touching his patient, ALFREDO CRESPO, JR., deceased, in a sexual manner and offering him money associated with this act was truly extreme and outrageous.

54.    That the defendant, JOSIP PASIC, M.D., recklessly or consciously disregarded the probability of causing emotional distress to his patient, ALFREDO CRESPO, JR., deceased.

55.    That the defendant, JOSIP PASIC, M.D., was aware that his patient, ALFREDO CRESPO, JR., deceased, was particularly susceptible to emotional distress.

56.    That ALFREDO CRESPO, JR., deceased, did in fact suffer severe emotional distress as a result of the defendant's actions which ultimately resulted in his death.

57.    That as a proximate result of the conduct of the defendant, CIRCLE FAMILY HEALTHCARE NETWORK, INC., ALFREDO CRESPO, JR., deceased, became severely depressed and emotionally disturbed, refused to continue treatment with any psychiatrist, abruptly went off his anti-psychotic medications, and attempted to self-medicate with street drugs resulting in his over-dose on street drugs and alcohol in February of 2011 and, ultimately, his death.

WHEREFORE, the plaintiff, ALFREDO CRESPO, SR., as Special Administrator of the Estate of ALFREDO CRESPO, JR., deceased, by and through his attorneys, HARMAN, FEDICK & MARKLEY, LTD., prays for judgment against the defendant, JOSIP PASIC, M.D.,

31

in an amount within the jurisdiction of the law division of the Circuit Court of Cook County,

Illinois.

## COUNT XV
**ALFREDO CRESPO, SR., as Special Administrator of the Estate of ALFREDO CRESPO, JR., deceased v. CIRCLE FAMILY HEALTHCARE NETWORK, INC., as the principal via apparent agency of JOSIP PASIC, M.D.**
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

NOW COMES the plaintiff ALFREDO CRESPO, SR., as Special Administrator of the

Estate of ALFREDO CRESPO, JR., deceased, by and through his attorneys, HARMAN,

FEDICK & MARKLEY, LTD., and alleges the following against the defendant, CIRCLE

FAMILY HEALTHCARE NETWORK, INC., as the principal via apparent agency of the

defendant, JOSIP PASIC, M.D.:

1-50. Plaintiff readopts and re-alleges paragraphs 1-50 of the General Allegations of his

Complaint at Law as if set forth herein.

51. That at all times relevant to this Complaint, the defendant, CIRCLE FAMILY

HEALTHCARE NETWORK, INC., represented to its patients, including the plaintiff's

decedent, ALFREDO CRESPO, JR., that it was a provider of complete mental health care both

therapeutic and psychiatric.

52. That the plaintiff's decedent, ALFREDO CRESPO, JR., neither knew nor should have

known that the defendant, JOSIP PASIC, M.D., was not an employee of the defendant, CIRCLE

FAMILY HEALTHCARE NETWORK, INC.

53. That the plaintiff's decedent, ALFREDO CRESPO, JR., did not choose the defendant,

JOSIP PASIC, M.D., to be his psychiatric physician but instead reasonably relied upon the

defendant, CIRCLE FAMILY HEALTHCARE NETWORK, INC., to provide complete and

proper psychiatric medical care to him.

32

54.    That the conduct of this defendant, CIRCLE FAMILY HEALTH NETWORK, INC., by and through the conduct of its actual or apparent agent, the defendant, JOSIP PASIC, M.D., of touching his patient, ALFREDO CRESPO, JR., in a sexual manner and offering him money associated with this act was truly extreme and outrageous.

55.    That the aforementioned conduct of the defendant, CIRCLE FAMILY HEALTHCARE NETWORK, INC., by its actual or apparent agent, JOSIP PASIC, M.D., was either intended to cause severe emotional distress or the defendant knew that this conduct had a high probability of causing, ALFREDO CRESPO, JR., deceased, severe emotional distress.

56.    That at all times relevant to this complaint, the defendant, CIRCLE FAMILY HEALTHCARE NETWORK, INC., owed a duty to provide reasonable and adequate medical care and treatment to its patients and to refrain from conduct that was intended to cause or that it knew there was a high probability would cause severe emotional distress.

57.    That as a proximate result of the conduct of the defendant, JOSIP PASIC, M.D., ALFREDO CRESPO, JR., deceased, became severely depressed and emotionally disturbed, refused to continue treatment with any psychiatrist and abruptly went off his anti-psychotic medications, and attempted to self-medicate with street drugs resulting in his over-dose on street drugs and alcohol in February of 2011 and, ultimately, his death.

       WHEREFORE, the plaintiff, ALFREDO CRESPO, SR., as Special Administrator of the Estate of ALFREDO CRESPO, JR., deceased, by and through his attorneys, HARMAN, FEDICK & MARKLEY, LTD., prays for judgment against the defendant, CIRCLE FAMILY HEALTHCARE NETWORK, INC., as the principal of the defendant, JOSIP PASIC, M.D., in an amount within the jurisdiction of the law division of the Circuit Court of Cook County, Illinois.

●                              ●

## COUNT XVI
**ALFREDO CRESPO, SR., as Special Administrator of the Estate of ALFREDO CRESPO, JR., deceased v. CIRCLE FAMILY HEALTHCARE NETWORK, INC., as the principal via respondeat superior of JOSIP PASIC, M.D.**
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

NOW COMES the plaintiff ALFREDO CRESPO, SR., as Special Administrator of the

Estate of ALFREDO CRESPO, JR., deceased, by and through his attorneys, HARMAN,

FEDICK & MARKLEY, LTD., and alleges the following against the defendant, CIRCLE

FAMILY HEALTHCARE NETWORK, INC., as the principal via respondeat superior of the

defendant, JOSIP PASIC, M.D.:

1-50.  Plaintiff readopts and re-alleges paragraphs 1-50 of the General Allegations of his

Complaint at Law as if set forth herein.

51.    That at all times relevant to this Complaint, the defendant, CIRCLE FAMILY

HEALTHCARE NETWORK, INC., was the employer and the principal of the defendant, JOSIP

PASIC, M.D.

52.    That accordingly, the defendant, JOSIP PASIC, M.D., was the agent of the defendant,

CIRCLE FAMILY HEALTHCARE NETWORK, INC., at all times relevant to this complaint

and therefore, any action or omission on behalf of defendant, JOSIP PASIC, M.D., was an act or

omission of his principal, the defendant, CIRCLE FAMILY HEALTHCARE NETWORK, INC.

53.    That the conduct of this defendant, CIRCLE FAMILY HEALTH NETWORK, INC., by

and through the conduct of its actual or apparent agent, the defendant, JOSIP PASIC, M.D., of

touching his patient, ALFREDO CRESPO, JR., in a sexual manner and offering him money

associated with this act was truly extreme and outrageous.

54.    That the aforementioned conduct of the defendant, CIRCLE FAMILY HEALTHCARE

NETWORK, INC., by its agent, JOSIP PASIC, M.D., was either intended to cause severe

34

emotional distress or the defendant knew that this conduct had a high probability of causing, ALFREDO CRESPO, JR., deceased, severe emotional distress.

55.     That at all times relevant to this complaint, the defendant, CIRCLE FAMILY HEALTHCARE NETWORK, INC., owed a duty to provide reasonable and adequate medical care and treatment to its patients and to refrain from conduct that was intended to cause or that it knew there was a high probability would cause severe emotional distress.

56.     That as a proximate result of the conduct of the defendant, JOSIP PASIC, M.D., ALFREDO CRESPO, JR., deceased, became severely depressed and emotionally disturbed, refused to continue treatment with any psychiatrist and abruptly went off his anti-psychotic medications, and attempted to self-medicate with street drugs resulting in his over-dose on street drugs and alcohol in February of 2011 and, ultimately, his death.

WHEREFORE, the plaintiff, ALFREDO CRESPO, SR., as Special Administrator of the Estate of ALFREDO CRESPO, JR., deceased, by and through his attorneys, HARMAN, FEDICK & MARKLEY, LTD., prays for judgment against the defendant, CIRCLE FAMILY HEALTHCARE NETWORK, INC., as the principal of the defendant, JOSIP PASIC, M.D., in an amount within the jurisdiction of the law division of the Circuit Court of Cook County, Illinois.

**COUNT XVII**
**ALFREDO CRESPO, SR., as Special Administrator of the Estate of ALFREDO CRESPO, JR., deceased v. JOSIP PASIC, M.D.**
**NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

NOW COMES the plaintiff ALFREDO CRESPO, SR., as Special Administrator of the Estate of ALFREDO CRESPO, JR., deceased, by and through his attorneys, HARMAN, FEDICK & MARKLEY, LTD., and alleges the following against the defendant, JOSIP PASIC, M.D.:

1-50. Plaintiff readopts and re-alleges paragraphs 1-50 of the General Allegations of his Complaint at Law as if set forth herein.

51. That notwithstanding said duty, the defendant, JOSIP PASIC, M.D., was guilty of one or more of the following acts or omissions:

    a) Made sexual advances towards the plaintiff;

    b) Touched the plaintiff in a sexual manner;

    c) Offered the plaintiff money related to the unconsented to touching; and

    d) Was otherwise careless and negligent.

52. That this conduct was truly extreme and outrageous.

53. That as a proximate result of the conduct of the defendant, JOSIP PASIC, M.D., ALFREDO CRESPO, JR., deceased, became severely depressed and emotionally disturbed, refused to continue treatment with any psychiatrist and abruptly went off his anti-psychotic medications. He then attempted to self-medicate with street drugs and alcohol resulting in an over-dose in February of 2011 and, ultimately, his death.

WHEREFORE, the plaintiff, ALFREDO CRESPO, SR., as Special Administrator of the Estate of ALFREDO CRESPO, JR., deceased, by and through his attorneys, HARMAN, FEDICK & MARKLEY, LTD., prays for judgment against the defendant, JOSIP PASIC, M.D., in an amount within the jurisdiction of the law division of the Circuit Court of Cook County, Illinois.

**COUNT XVIII**

**ALFREDO CRESPO, SR., as Special Administrator of the Estate of ALFREDO CRESPO, JR., deceased v. CIRCLE FAMILY HEALTHCARE NETWORK, INC., as the principal via apparent agency of JOSIP PASIC, M.D.**
**NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

NOW COMES the plaintiff ALFREDO CRESPO, SR., as Special Administrator of the Estate of ALFREDO CRESPO, JR., deceased, by and through his attorneys, HARMAN, FEDICK & MARKLEY, LTD., and alleges the following against the defendant, CIRCLE FAMILY HEALTHCARE NETWORK, INC., as the principal via apparent agency of JOSIP PASIC, M.D., in an amount within the jurisdiction of the law division of the Circuit Court of Cook County, Illinois.:

1-50.   Plaintiff readopts and re-alleges paragraphs 1-50 of the General Allegations of his Complaint at Law as if set forth herein.

51.   That at all times relevant to this Complaint, the defendant, CIRCLE FAMILY HEALTHCARE NETWORK, INC., represented to its patients, including the plaintiff's decedent, ALFREDO CRESPO, JR., that it was a provider of complete mental health care both therapeutic and psychiatric.

52.   That the plaintiff's decedent, ALFREDO CRESPO, JR., neither knew nor should have known that the defendant, JOSIP PASIC, M.D., was not an employee of the defendant, CIRCLE FAMILY HEALTHCARE NETWORK, INC.

53.   That the plaintiff's decedent, ALFREDO CRESPO, JR., did not choose the defendant, JOSIP PASIC, M.D., to be his psychiatric physician but instead reasonably relied upon the defendant, CIRCLE FAMILY HEALTHCARE NETWORK, INC., to provide complete and proper psychiatric medical care to him.

37

54.     That at all times relevant to this Complaint, the defendant, CIRCLE FAMILY HEALTHCARE NETWORK, INC., was the principal of the defendant, JOSIP PASIC, M.D., and, therefore, any action or omission on behalf of defendant, JOSIP PASIC, M.D., was an act or omission of, the defendant CIRCLE FAMILY HEALTHCARE NETWORK, INC.

55.     That at all times relevant to this complaint, the defendant, CIRCLE FAMILY HEALTHCARE NETWORK, INC., owed a duty of reasonable care to its patients, including, ALFREDO CRESPO, JR., deceased, in a manner equal to or exceeding the applicable standard of care.

56.     That notwithstanding said duty, the defendant, CIRCLE FAMILY HEALTHCARE NETWORK, INC., by and though the conduct of its actual or apparent agent, the defendant, JOSIP PASIC, M.D., was guilty of one of the following acts or omissions:

    a)  Made sexual advances towards the plaintiff;

    b)  Touched the plaintiff in a sexual manner;

    c)  Offered the plaintiff money related to the sexual advances; and

    d)  Was otherwise careless and negligent.

57.     That this conduct was truly extreme and outrageous.

58.     That as a proximate result of the conduct of the defendant, CIRCLE FAMILY HEALTHCARE NETWORK, INC., by and through its agent, the defendant, JOSIP PASIC, M.D., ALFREDO CRESPO, JR., deceased, became severely depressed and emotionally disturbed, refused to continue treatment with any psychiatrist and abruptly went off his anti-psychotic medications, and attempted to self-medicate with street drugs resulting in his over-dose on street drugs and alcohol in February of 2011 and, ultimately, his death.

WHEREFORE, the plaintiff, ALFREDO CRESPO, SR., as Special Administrator of the Estate of ALFREDO CRESPO, JR., deceased, by and through his attorneys, HARMAN, FEDICK & MARKLEY, LTD., prays for judgment against the defendant, CIRCLE FAMILY HEALTHCARE NETWORK, INC., as the principal of the defendant, JOSIP PASIC, M.D., in an amount within the jurisdiction of the law division of the Circuit Court of Cook County, Illinois.

**COUNT XIX**
**ALFREDO CRESPO, SR., as Special Administrator of the Estate of ALFREDO CRESPO,**
**JR., deceased v. CIRCLE FAMILY HEALTHCARE NETWORK, INC., as the principal**
**via respondeat superior of JOSIP PASIC, M.D.**
**NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

NOW COMES the plaintiff, ALFREDO CRESPO, SR., as Special Administrator of the Estate of ALFREDO CRESPO, JR., deceased, by and through his attorneys, HARMAN, FEDICK & MARKLEY, LTD., and alleges the following against the defendant, CIRCLE FAMILY HEALTHCARE NETWORK, INC., as the principal via respondeat superior of the defendant, JOSIP PASIC, M.D.:

1-50.    Plaintiff readopts and re-alleges paragraphs 1-50 of the General Allegations of his Complaint at Law as if set forth herein.

51.    That at all times relevant to this Complaint, the defendant, CIRCLE FAMILY HEALTHCARE NETWORK, INC., was the employer and the principal of the defendant, JOSIP PASIC, M.D.

52.    That accordingly, the defendant, JOSIP PASIC, M.D., was the agent of the defendant, CIRCLE FAMILY HEALTHCARE NETWORK, INC., at all times relevant to this complaint and therefore, any action or omission on behalf of defendant, JOSIP PASIC, M.D., was an act or omission of his principal, the defendant, CIRCLE FAMILY HEALTHCARE NETWORK, INC.

53.     That at all times relevant to this complaint, the defendant, CIRCLE FAMILY HEALTHCARE NETWORK, INC., owed a duty of reasonable care to its patients, including ALFREDO CRESPO, JR., deceased, in a manner equal to or exceeding the applicable standard of care.

54.     That notwithstanding said duty, the defendant, CIRCLE FAMILY HEALTHCARE NETWORK, INC., by and though the conduct of its agent, the defendant, JOSIP PASIC, M.D., was guilty of one of the following acts or omissions:

   a)  Made sexual advances towards the plaintiff;

   b)  Touched the plaintiff in a sexual manner;

   c)  Offered the plaintiff money related to the sexual advances; and

   d)  Was otherwise careless and negligent.

55.     That this conduct was truly extreme and outrageous.

56.     That as a proximate result of the conduct of the defendant, CIRCLE FAMILY HEALTHCARE NETWORK, INC., by and through its agent, the defendant JOSIP PASIC, M.D., ALFREDO CRESPO, JR., deceased, became severely depressed and emotionally disturbed, refused to continue treatment with any psychiatrist and abruptly went off his anti-psychotic medications, and attempted to self-medicate with street drugs resulting in his over-dose on street drugs and alcohol in February of 2011 and, ultimately, his death.

        WHEREFORE, the plaintiff, ALFREDO CRESPO, SR., as Special Administrator of the Estate of ALFREDO CRESPO, JR., deceased, by and through his attorneys, HARMAN, FEDICK & MARKLEY, LTD., prays for judgment against the defendant, CIRCLE FAMILY HEALTHCARE NETWORK, INC., as the principal of the defendant, JOSIP PASIC, M.D., in an amount within the jurisdiction of the law division of the Circuit Court of Cook County, Illinois.

### COUNT XX
**ALFREDO CRESPO, SR., as Special Administrator of the Estate of ALFREDO CRESPO, JR., deceased v. JOSIP PASIC, M.D.**
**SURVIVAL**

NOW COMES the plaintiff ALFREDO CRESPO, SR., as Special Administrator of the Estate of ALFREDO CRESPO, JR., deceased, by and through his attorneys, HARMAN, FEDICK & MARKLEY, LTD., and alleges the following against the defendant, JOSIP PASIC, M.D.:

1-50. Plaintiff readopts and re-alleges paragraphs 1-50 of the General Allegations of his Complaint at Law as if set forth herein.

51. That as a direct and proximate cause of the defendant, JOSIP PASIC, M.D.'s, aforesaid negligent actions and intentional infliction of emotional distress, the plaintiff's decedent, ALFREDO CRESPO, JR, was caused to endure conscious pain and suffering and other damages, lose earnings, and incur medical expenses from on or about October of 2012 until his death on February 18, 2012.

52. That in addition, as a direct and proximate cause of the defendant, JOSIP PASIC, M.D.'s, aforesaid negligent actions and intentional infliction of emotional distress, the estate of ALFREDO CRESPO, JR, incurred medical bills and funeral expenses for the burial of the decedent.

WHEREFORE, the plaintiff, ALFREDO CRESPO, SR., as Special Administrator of the Estate of ALFREDO CRESPO, JR., deceased, by and through his attorneys, HARMAN, FEDICK & MARKLEY, LTD., prays for judgment against the defendant, JOSIP PASIC, M.D., in an amount within the jurisdiction of the law division of the Circuit Court of Cook County, Illinois.

41

## COUNT XXI
**ALFREDO CRESPO, SR., as Special Administrator of the Estate of ALFREDO CRESPO, JR., deceased v. CIRCLE FAMILY HEALTHCARE NETWORK, INC., as the principal via respondeat superior of JOSIP PASIC, M.D.**
### SURVIVAL

NOW COMES the plaintiff ALFREDO CRESPO, SR., as Special Administrator of the Estate of ALFREDO CRESPO, JR., deceased, by and through his attorneys, HARMAN, FEDICK & MARKLEY, LTD., and alleges the following against the defendant, CIRCLE FAMILY HEALTHCARE NETWORK, INC., as the principal via respondeat superior of the defendant, JOSIP PASIC, M.D:

1-50. Plaintiff readopts and re-alleges paragraphs 1-50 of the General Allegations of his Complaint at Law as if set forth herein.

51.     That at all times relevant to this Complaint, the defendant, CIRCLE FAMILY HEALTHCARE NETWORK, INC., was the employer and the principal of the defendant, JOSIP PASIC, M.D., and, therefore, any action or omission on behalf of defendant, JOSIP PASIC, M.D., was an act or omission of his principal, the defendant, CIRCLE FAMILY HEALTHCARE NETWORK, INC.

52.     That as a direct and proximate cause of the defendant, CIRCLE FAMILY HEALTHCARE NETWORK, INC.'S, aforesaid negligent actions and intentional infliction of emotional distress through its agent, JOSIP PASIC, M.D., the plaintiff's decedent, ALFREDO CRESPO, JR, was caused to endure conscious pain and suffering and other damages, lose earnings, and incur medical expenses from on or about October of 2012 until his death on February 18, 2012.

53.     That in addition, as a direct and proximate cause of the defendant, CIRCLE FAMILY HEALTHCARE NETWORK, INC.'S, aforesaid negligent actions and intentional infliction of

emotional distress through its agent, JOSIP PASIC, M.D., the estate of ALFREDO CRESPO, JR. incurred medical bills and funeral expenses for the burial of the decedent.

WHEREFORE, the plaintiff, ALFREDO CRESPO, SR., as Special Administrator of the Estate of ALFREDO CRESPO, JR., deceased, by and through his attorneys, HARMAN, FEDICK & MARKLEY, LTD., prays for judgment against the defendant, CIRCLE FAMILY HEALTHCARE NETWORK, INC., as the principal of the defendant, JOSIP PASIC, M.D, in an amount within the jurisdiction of the law division of the Circuit Court of Cook County, Illinois.

## COUNT XXII
**ALFREDO CRESPO, SR., as Special Administrator of the Estate of ALFREDO CRESPO, JR., deceased v. CIRCLE FAMILY HEALTHCARE NETWORK, INC., as the principal via apparent agency of JOSIP PASIC, M.D.**
### SURVIVAL

NOW COMES the plaintiff ALFREDO CRESPO, SR., as Special Administrator of the Estate of ALFREDO CRESPO, JR., deceased, by and through his attorneys, HARMAN, FEDICK & MARKLEY, LTD., and alleges the following against the defendant, CIRCLE FAMILY HEALTHCARE NETWORK, INC., as the principal via apparent agency of the defendant, JOSIP PASIC, M.D:

1-50. Plaintiff readopts and re-alleges paragraphs 1-50 of the General Allegations of his Complaint at Law as if set forth herein.

51.    That at all times relevant to this Complaint, the defendant, CIRCLE FAMILY HEALTHCARE NETWORK, INC., represented to its patients, including the plaintiff's decedent, ALFREDO CRESPO, JR., that it was a provider of complete mental health care both therapeutic and psychiatric.

52.     That the plaintiff's decedent, ALFREDO CRESPO, JR., neither knew nor should have known that the defendant, JOSIP PASIC, M.D., was not an employee of the defendant, CIRCLE FAMILY HEALTHCARE NETWORK, INC.

53.     That the plaintiff's decedent, ALFREDO CRESPO, JR., did not choose the defendant, JOSIP PASIC, M.D., to be his psychiatric physician but instead reasonably relied upon the defendant, CIRCLE FAMILY HEALTHCARE NETWORK, INC., to provide complete and proper psychiatric medical care to him.

54.     That at all times relevant to this Complaint, the defendant, CIRCLE FAMILY HEALTHCARE NETWORK, INC., was the principal of the defendant, JOSIP PASIC, M.D., and, therefore, any action or omission on behalf of defendant, JOSIP PASIC, M.D., was an act or omission of the defendant, CIRCLE FAMILY HEALTHCARE NETWORK, INC.

55.     That as a direct and proximate cause of the defendant, CIRCLE FAMILY HEALTHCARE NETWORK, INC.'S, aforesaid negligent actions and intentional infliction of emotional distress, through its agent, JOSIP PASIC, M.D., the plaintiff's decedent, ALFREDO CRESPO, JR, was caused to endure conscious pain and suffering and other damages, lose earnings, and incur medical expenses from on or about October of 2012 until his death on February 18, 2012.

56.     That in addition, as a direct and proximate cause of the defendant, CIRCLE FAMILY HEALTHCARE NETWORK, INC.'S, aforesaid negligent actions and intentional infliction of emotional distress through its agent, JOSIP PASIC, M.D., the estate of ALFREDO CRESPO, JR. incurred medical bills and funeral expenses for the burial of the decedent.

        WHEREFORE, the plaintiff, ALFREDO CRESPO, SR., as Special Administrator of the Estate of ALFREDO CRESPO, JR., deceased, by and through his attorneys, HARMAN,

44

FEDICK & MARKLEY, LTD., prays for judgment against the defendant, CIRCLE FAMILY

HEALTHCARE NETWORK, INC., as the principal of the defendant, JOSIP PASIC, M.D, in an

amount within the jurisdiction of the law division of the Circuit Court of Cook County, Illinois.


HARMAN, FEDICK & MARKLEY, LTD.

By: _____
LYNDSAY A. MARKLEY, ESQ.

HARMAN, FEDICK & MARKLEY, LTD. #45719
Attorneys for Plaintiff
222 North LaSalle Street, Suite 430
Chicago, Illinois 60601
312.263.6452

STATE OF ILLINOIS    )
                          ) SS
COUNTY OF COOK    )

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| ALFREDO CRESPO, SR., as Special Administrator of the Estate of ALFREDO CRESPO, JR., deceased, and ELVIS SILVA, | ) ) ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO. |
| | ) |
| CIRCLE FAMILY HEALTHCARE NETWORK, INC. AND JOSIP PASIC, M.D. | ) ) |
| | ) |
| Defendant. | ) |

## AFFIDAVIT

Under penalty of perjury, I, Lyndsay A. Markley, Esq., state that the total of money damages sought in the above-captioned case exceeds Fifty Thousand and No/00 ($50,000.00) Dollars.

_____
LYNDSAY A. MARKLEY, ESQ.

HARMAN, FEDICK & MARKLEY, LTD #45719
Attorneys for Plaintiff
222 North LaSalle Street
Suite 430
Chicago, Illinois 60601
312.263.6452

6

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

**ALFREDO CRESPO, SR., as Special
Administrator of the Estate of ALFREDO
CRESPO, JR., deceased, and ELVIS SILVA**

        *Plaintiffs,*

    **vs.**

**CIRCLE FAMILY HEALTHCARE
NETWORK, INC. AND JOSIP PASIC,
M.D.**

        *Defendants.*

**Case No.**

### AFFIDAVIT PURSUANT TO 735 ILCS 5/2-622

I, Lyndsay Markley, Esq., an attorney, certify that I have consulted and reviewed the facts of the above-captioned case with a health professional whom I believe to be knowledgeable in the relevant issues involved in this action; who has practiced or taught within five years in the same area of medicine that is at issue in this action and meets the standards required of all medical expert witnesses set forth in section 8-2501, paragraphs (a) – (d). Further, said health professional has reviewed the medical records and determined in a written report that there is a reasonable and meritorious cause for filing this action. Finally, on the basis of this medical professional's review and consultation, I have concluded that there is a reasonable and meritorious case of action against the above-named defendants.

        HARMAN, FEDICK & MARKLEY, LTD.

        Lyndsay A. Markley, Esq.

HARMAN, FEDICK & MARKLEY, LTD.
Attorney # #45719
Attorneys for the Plaintiff
222 N LaSalle Street, Suite 430
Chicago, Illinois 60601
Ph: 312.263.6452